FILED
Mar 30, 2026
12:30 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **BOI ESTON JONES,**<br>　　　　**Employee**,<br>**v.**<br>**AMAZON FULFILLMENT<br>CENTER MEM4,**<br>　　　　**Employer**,<br>**and**<br>**AMERICAN ZURICH INS. CO.,**<br>　　　　**Carrier**. | **Docket No. 2023-80-3379**<br><br>**State File No. 53533-2024**<br><br>**Judge Shaterra R. Marion** |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on March 18, 2026. Mr. Jones sought medical and temporary disability benefits for his work injury. Amazon contended Mr. Jones is presumed to be at maximum medical improvement and not owed additional temporary disability benefits. It also stated his medical benefits have not been denied. For the reasons below the Court holds that Mr. Jones is entitled to ongoing temporary disability benefits and medical treatment.

### Claim History

On June 18, 2024, a pile of boxes slammed into Mr. Jones as he attempted to clear a jam in a box slide at work. He began to feel pain but finished his shift and returned to work the next day. Mr. Jones usually worked as a picker, which does not require heavy lifting. The next time his manager required him to do heavier work, including moving packages, he informed his manager that he could not do so because of injuries to his back and neck.

Mr. Jones testified that after he reported his injury, Amazon directed him to see his own doctor for a physician's report. He saw Dr. Glenn Crosby, who performed neck surgery on him 20 years ago.

1

When Mr. Jones gave Dr. Crosby's note to Amazon, it provided a panel. He selected a hospital, which then referred him back to Dr. Crosby for further evaluation.

Dr. Crosby ordered a cervical MRI, which showed multilevel degenerative disc disease and foraminal narrowing. Mr. Jones testified that Dr. Crosby ordered a discectomy surgery, which Amazon denied. Amazon argued it has not denied any medical treatment, and neither party provided Dr. Crosby's records regarding a surgical recommendation or status of treatment. Dr. Crosby noted that Mr. Jones had an allergy to androgenic anabolic steroids.

Amazon offered another panel for Mr. Jones's back injury, and Mr. Jones selected Dr. Winfred Abrams. Dr. Abrams ordered a lumbar x-ray, which showed age-related spondylosis and mild degenerative disc disease. He also ordered an MRI, which showed a large disc bulge.

Dr. Abrams noted that Mr. Jones "reports today that he was told that he had a steroid allergy and his documentation is specifically androgenic steroid allergy but there is not any confirmed testing of this." He recommended Mr. Jones see an allergist to confirm the diagnosis.

At Mr. Jones's final visit, Dr. Abrams noted he and Mr. Jones decided not to do an injection, "which was not necessarily needed." Dr. Abrams recommended chronic pain management.

Mr. Jones then selected Dr. Moacir Schnapp from a pain management panel. At the first visit, Dr. Schnapp observed that Mr. Jones had degenerative disc and joint disease in his lumbar spine. He added that Mr. Jones "has avoided treating it because cervical steroid injection in the past caused him to pass out when he got home after the injection and he needed to be 'revived.'" Dr. Schnapp then questioned whether Mr. Jones had a "hypotensive episode or if this was truly an allergy to the medications." He documented "no known drug allergies" in his record.

Dr. Schnapp offered an alternative to steroids: a diagnostic medial branch block followed by radiofrequency ablation, but he noted that Mr. Jones had concerns about this treatment as well. Ultimately, Dr. Schnapp did not provide any treatment. He concluded that a chiropractic referral would be a good option, but he had nothing more to offer Mr. Jones at that time.

Lisa Mayfield, the adjuster, testified by affidavit that temporary disability benefits ended on September 23, 2025.

## Findings of Fact and Conclusions of Law

Mr. Jones must prove he is likely to prevail at a hearing on the merits on his request for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The parties agreed that Drs. Abrams and Schnapp are panel-selected authorized treating physicians. The parties also agreed that Dr. Crosby is an authorized treating physician because the hospital, the original authorized provider, referred Mr. Jones to him. Mr. Jones sought to return to Dr. Crosby.

The Appeals Board explained: "Unless a court terminates an employee's entitlement to medical benefits or approves a settlement in which the parties reach a compromise on the issue of future medical benefits, an injured worker remains entitled to reasonable and necessary medical treatment causally-related to the work injury." *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *7 (Sept. 12, 2017).

Mr. Jones may therefore return to his authorized treating physicians, including Dr. Crosby, for his cervical injury.

As to temporary total disability benefits, entitlement to them ends whenever an employee reaches maximum medical improvement or returns to work. *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 776 (Tenn. 2000).

Tennessee Code Annotated section 50-6-207(1)(E) states that an employee "shall be conclusively presumed to be at maximum medical improvement when the treating physician ends all active medical treatment and the only care provided is for the treatment of pain[.]"

Here, Dr. Abrams referred Mr. Jones to pain management for his back injury. However, the parties did not present all of Dr. Crosby's medical records on his neck injury. The only evidence in the record is Mr. Jones testifying that Dr. Crosby recommended surgery. Therefore, no evidence suggested that Dr. Crosby has ended all active treatment or placed Mr. Jones at maximum medical improvement for his neck injury.

In the alternative, Dr. Schnapp recommended a medial branch block followed by radiofrequency ablation. No evidence shows that this is not active treatment and only for the treatment of pain. Further, Dr. Schnapp recommended a chiropractor referral, which suggested all active treatment options have not been exhausted.

The Court finds insufficient evidence to show that Mr. Jones has ended all active treatment. Therefore, he is likely to show at a hearing on the merits that he is entitled to continued medical treatment and ongoing temporary disability benefits from September 24, 2025.

**IT IS ORDERED** as follows:

1.  Mr. Jones's request to return to Dr. Crosby is granted.

2.  Mr. Jones's request for temporary total disability benefits is granted. He shall be paid temporary disability benefits from September 24, 2025, forward at his compensation rate. His attorney is entitled to 20% of this award as fees.

3.  The Court sets a status conference for **May 11, 2026, at 1:15 p.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

4.  Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED March 30, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

The technical record consists of all documents filed on the TNComp electronic filing system, which the Court considered in reaching its decision.

**Exhibits:**
1. Medical Records Filed by Employee on March 18, 2026
2. Medical Records Filed by Employer
3. Affidavit of Lisa Mayfield, with Attached Exhibit
4. C-32 Panels selected by Mr. Jones
5. Letter and UPS Label for a Temporary Total Disability Check
6. Wage Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on March 30, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Linda Garner, Employee's Attorney | | X | lgarner4@comcast.net |
| Stephen Morton, Trent Norris, Employer's Attorneys | | X | stephen.morton@mgclaw.com<br>trent.norris@mgclaw.com<br>amber.dennis@mgclaw.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

6



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*